

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/24/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: <br><br> FLETCHER INTERNATIONAL, LTD <br><br>     Debtors. | Chapter 11 <br><br>  Case No. 14-cv-09690 (AT) |
| ALPHONSE FLETCHER, JR. (*pro se*), <br><br>     Appellants. <br><br> v. <br><br> RICHARD J. DAVIS, ESQ. <br><br>     Appellees. | *On Appeal from the United States Bankruptcy Court for the Southern District of New York (Hon. Robert E. Gerber)* <br><br> **ORAL ARGUMENTS REQUESTED** |



RECEIVED
DEC 2 4 2014
PRO SE OFFICE

### APPELLANT'S OPENING BRIEF (Corrected)

    I, Alphonse Fletcher, Jr. (*pro se*), appellant in the above-captioned action, appealed to the United States District Court for the Southern District of New York from the Bankruptcy Order Approving the Settlement Agreement Between Fletcher International, Ltd. and Credit Suisse (the "Credit Suisse Settlement") [Docket 648] on October 16, 2014.

# TABLE OF CONTENTS

|  | Page |
|---|---|
| TABLE OF AUTHORITIES……………………………………………………….. | 3 |
| JURISDICTIONAL STATEMENT…………………………………………………... | 4 |
| STATEMENT OF THE ISSUES…………………………………………………….... | 5 |
| STANDARD OF REVIEW…………………………………………………………… | 6 |
| STATEMENT OF THE FACTS……………………………………………………… | 7 |
| ARGUMENT…………………………………………………………………….......... | 11 |
| CONCLUSION……………………………………………………………………….... | 17 |
| APPENDIX A………………………………………………………………………… | 18 |

## TABLE OF AUTHORITIES

Cases

Page(s)

Moore, 608 F.3d 253 (5th Cir. 2010)…………………………………………… 5

TMT Trailer Ferry………………………………………………………………… 14

Cropper Co., 35 B.R. 625, 629 (Bankr.M.D.Ga. 1983)……………………………… 14

Philadelphia Athletic Club, Inc., 20 B.R. 328, 334 (E.D.Pa. 1982)………………… 15

Caldor, Inc., 193 B.R. 165, 171 (Bankr. S.D.N.Y. 1996……………………………… 15

Arochem Corp., 176 F.3d 610, 623 (2d Cir. 1999)(quoting In re Roberts, 46 B.R. 815
(Bankr. D. Utah 1985)……………………………………………………………… 15

The Leslie Fay Companies, Inc., 175 B.R. 525, 536 (Bankr. S.D.N.Y. 1994)………… 15

Hot Tin Roof, Inc., 205 B.R. 1000, 1003 (1st Cir. BAP 1997)……………………… 15

Arlan's Dep't. Stores, 615 F.2d 932 (2d Cir. 1979)………………………………… 16

Envirodyne Indus., 150 B.R. 1008 (Bankr. N.D.Ill. 1993)………………………… 16

Woods v. City National Bank Trust Co. of Chicago, 312 U.S. 262, 268,61 S.Ct. 493, 497,
85 L.Ed. 820 (1941)……………………………………………………………… 16

Statutes

Page(s)

U.S.C. §158(a)(1) and Federal Rules of Bankruptcy Procedure 8001………………… 4

Bankruptcy Rule 9019(a)…………………………………………………………… 5

11 U.S. Code § 363………………………………………………………………… 5

Bankruptcy Code, section 327(a)………………………………………………… 15

Rule 2014(a)………………………………………………………………………… 15

## JURISDICTIONAL STATEMENT

This is an appeal of the Bankruptcy Order Approving the Settlement Agreement Between Fletcher International, Ltd. and Credit Suisse [Docket 648]. For the Court's convenience, a copy of the Order is attached hereto as **Appendix A.**

The Bankruptcy Court entered the Order on October 16, 2014.  The Appellant filed a Notice of Appeal of the Order on October 29, 2014.  The Appellant filed the Designation of the Items to be Included in the Record on Appeal and a Statement of Issues to be Presented on Appeal on November 13, 2014.

The District Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. §158(a)(1) and Federal Rules of Bankruptcy Procedure 8001, *et seq.*

## STATEMENT OF THE ISSUES

Whether the Bankruptcy Court committed an error of law or an abuse of discretion in not correctly considering the weight and sufficiency of evidence by ruling under the provisions of Bankruptcy Rule 9019(a) foregoing the requirements of 11 U.S. Code § 363 requiring the trustee to show sound business judgment and that the settlement maximizes the value of the estate.[1]

- ruling that there existed "no disputed issues of material fact"

- denying the request for an evidentiary hearing, and

- ruling that the settlement "is in the best interests of the Debtor and its estate, creditors, investors and other parties-in-interest,"

Given that the record of these proceedings and the entire record of the case detail

- material and irreconcilable contradictions between the Trustee's Report and the documentary evidence,

- a lack of the arms-length negotiations necessary for approval of the settlement,

- credible and supported allegations against and partial belated admissions by the Trustee and his advisors of undisclosed connections which violate Federal Rules of Bankruptcy Rule 2014, and

- credible and supported allegations against the Trustee and his advisors of partially disclosed and undisclosed connections to parties directly involved in the disputes underlying this settlement.

---

[1] See Moore, 608 F.3d 253 (5th Cir. 2010)

## STANDARD OF REVIEW

This District Court, vested with the appellant jurisdiction over the ruling of the Court pursuant to 28 U.S.C. §158(a)(1), reviews the legal conclusions of the Court and may reverse the Court's extraordinary remedy.  Mixed questions of facts and law are reviewed either *de novo* or under clearly erroneous standards depending on whether the question is predominately legal or factual.

## STATEMENT OF THE FACTS

- On October 16, 2014 the United States Bankruptcy Court Southern District of New York granted the motion (the **"Motion"**) of Richard J. Davis, the Plan Administrator and former Chapter 11 Trustee of Fletcher International, Ltd. (the **"Trustee"**), for entry of an order pursuant to Bankruptcy Rule 9019(a) approving the Settlement Agreement (the **"Settlement Agreement"**) between Fletcher International, Ltd. ( **"FILB"**) and Credit Suisse Securities (USA) LLC (**"Securities USA"**) and its current and future subsidiaries, parents and affiliates including, without limitation, Credit Suisse Securities (Europe) Limited (**"Securities Europe"** and, together with the foregoing entities, **"Credit Suisse"**).

- On July 7, 2006, FILB entered into a Customer Agreement, Prime Broker Annex thereto and Credit Annex (together with all other annexes, amendments, and supplements thereto, the **"Customer Agreement"**) with Securities USA, pursuant to which Securities USA opened and maintained accounts for FILB so that FILB could transact business with Securities USA and other Credit Suisse-related entities. The Customer Agreement was amended by a letter agreement dated April 3, 2007.

- Simultaneously with the Customer Agreement, FILB and Credit Suisse entered into several other related agreements (each a **"Contract,"** as defined in the Customer Agreement), including that certain Multicurrency-Cross Border ISDA Master Agreement between Securities Europe and FILB (together with the Credit Support Annex and schedules thereto and a Portfolio Swap Annex thereto, the **"ISDA"**), pursuant to which Securities Europe and FILB entered into certain swap transactions (the **"Swaps"**).

- Credit Suisse terminated its Prime Broker relationship with FILB and liquidated Ion

Geophysical Corporation ("**ION**") shares in it custody in June 2012 and used the proceeds to satisfy FILB's outstanding loan obligations.   The ION instrument, negotiated and purchased by FILB directly from ION, was perpetual, non-callable, floating-rate, convertible preferred stock with a minimum annual dividend of 5% with an option entitling FILB to purchase additional stock with similar terms, and the investment agreement, preferred certificate, and other contracts provided substantial unique protection for FILB that was not available to other shareholders.

Credit Suisse sold the ION preferred for a premium of only $702,000 above the value of the underlying common stock into which the preferred was convertible, FILB, relying on its past experience, valuation reports from its agents, its past audits, and corporate filings by ION, valued the preferred with a large premium, roughly $33 million at that time. The value of the ION stock was corroborated by independent reviews conducted by several parties. Those parties include Duff & Phelps, Grant Thornton, Eisner, Professor Dwight Grant, Quantal International, FTI consulting, Mukesh Bajaj, Ph.D., Peter A Fowler, Ernst & Young, and others. The Trustee did not share this information with the Court.   [See Objection to Plan Administrator's Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019(a) Approving the Settlement Agreement Between Fletcher International, Ltd. and Credit filed by Alphonse Fletcher Jr. ; docket no. 631]

- Credit Suisse chose to sell the ION preferred stock to D.E. Shaw for substantially less consideration than that offered by the bidder identified by FILB, Peter Smith of Del Mar Asset Management, L.P. An email in the Trustee's possession from June 15, 2011 reports:

   Peter Smith who has been trying to help with the IO trade with Credit Suisse said that the craziness that Credit Suisse is exhibiting leaves [him] with 100% certainty that someone is

trying to do something to us. He said with these banks it is almost always about money. I mentioned that our adversaries have a $25 billion investment operation and he said , "Well that explains it, never f--- with the Mafia or billionaires!"

- FILB filed for bankruptcy protection on June 29, 2012 shortly after Credit Suisse seized FILB's remaining Ion preferred stock.

- By order dated November 9, 2012 (**the "Cash Collateral Order"**) [Docket No. 149], the Bankruptcy Court approved a stipulation and order, pursuant to which Credit Suisse turned over to FILB cash and securities that constituted "cash collateral" as such term is used in the Bankruptcy Code, and set up certain procedures to provide Credit Suisse with "adequate protection" within the meaning of the Bankruptcy Code.

- Pursuant to the Cash Collateral Order, Credit Suisse retained $595,673.38 in cash which it was entitled to withhold to (i) satisfy certain pre-petition legal expenses and (ii) secure the payment of any post-petition legal expenses that constituted Obligations under the Customer Agreement.

- Although the Plan Administrator purported to have assumed authority pursuant to the Plan and Confirmation Order [Docket No. 490] to enter into a settlement agreement with Credit Suisse without further order of the Court, Credit Suisse requested that the Plan Administrator seek Court approval of the Settlement Agreement.[2]   The Plan Administrator requested that the Court approve the Settlement Agreement and received approval of the Motion now under appeal.

---

[2] Plan Administrator's Motion For Entry Of An Order Pursuant To Bankruptcy Rule 9019(A) Approving The Settlement Agreement Between Fletcher International, Ltd. And Credit Suisse [Docket 617 p. 2]

- Credit Suisse set off unpaid pre- and post-petition legal expenses and returned the remaining cash to FILB in exchange for mutual releases related to all claims. The Settlement Agreement settled all claims related to the Customer Agreement, the Contracts, the ISDA, the Swaps, the Letter Agreement, and the Cash Collateral Order.

- The Settlement Agreement recovered approximately $160,000 for the estate.

- As a result, the FILB estate has been deprived of approximately $33 million because its fiduciaries refused to expose and challenge the wrongful conduct of Credit Suisse, D.E. Shaw, and those with which they worked. The fiduciaries refused to disclose fully their connections to Credit Suisse D.E. Shaw, and others. The resulting conflicts thus were never considered properly by the Court in either the retention of the fiduciaries or the examination of the "arms-length" factor of this settlement.

# ARGUMENT

## Ruling That There Existed "No Disputed Issues of Material Fact"

The Court should have applied the standards of 11 U.S. Code § 363 requiring the Trustee to show sound business judgment and that the sale maximizes the value of the estate and carefully scrutinized the facts and circumstances relating to the Settlement especially those facts that conflicted with the Trustee's arguments.  But the records reveals that the Court did not.

The financial statements filed by ION with the U.S. Securities and Exchange Commission corroborate the substantial profit captured by FILB on its investment in ION. The below excerpt is from ION's 2010 10-K (emphasis added):

> ***Preferred Stock Beneficial Conversion Charge.*** As a result of the Reset Notice and the adjustment in November 2008 of the conversion prices for the Series D Preferred Stock to the Minimum Price of $4.4517 per share under the Fletcher Agreement, we recognized in the fourth quarter of 2008 a contingent beneficial conversion feature of the Series D Preferred Stock as a non-cash charge to earnings in the amount of $68.8 million. Under applicable financial accounting guidance, the adjustment of reducing the conversion price was deemed to be equivalent to value being transferred to the holder of the Series D Preferred Stock, with ***such holder thereby realizing enhanced economic value compared to the holders of other ION securities that did not hold a beneficial conversion feature. This feature was calculated at its intrinsic value at the original commitment date, and the amount of the charge was limited to the amount of proceeds allocated to the convertible instruments (i.e. the Series D Preferred Stock).***

Further, D.E. Shaw purchased the ION preferred after Credit Suisse's seizure and realized a profit of seven times the premium paid to FILB above the ION preferred stock's conversion. Credit Suisse chose to sell the preferred to D.E. Shaw over a better bid secured by FILB. The Trustee dismissed that bidder without disclosing the allegations made by that bidder; allegations which call into question whether the transactions were arms length and which implicate collusion and foul-play.

- 11 -

<u>Denying the Request for an Evidentiary Hearing</u>

      Mr. Turner and Mr. Fletcher requested an evidentiary hearing to review the facts of this settlement [Docket 645]. The Court held a hearing on October 15, 2014 to consider the Motion under 9019(a) but did not review factual information of the evidence provided by Mr. Turner or Mr. Fletcher.

<u>Ruling that the Settlement "Is in the Best Interests of the Debtor and Its Estate, Creditors, Investors and Other Parties-In-Interest"</u>

      The Trustee chose to withdraw claims worth more than $50 million in FILB's litigation against Ion Geophysical, in which a verdict against ION on liability was won, one of FILB's three summary judgment victories over Ion Geophysical prior to the bankruptcy filing. The trial judge directed the trial to focus on the hypothetical negotiation over "consent rights" that would have transpired between the primary decision makers of FILB's. ION did not call Mr. Fletcher to testify nor anyone else affiliated with FILB that was involved in valuation of the consent right and related seniority covenants. Surprisingly, neither did the Trustee.

      The Trustee elected not to pursue recoveries from Credit Suisse and D.E. Shaw despite the fact that Credit Suisse seized FILB's second most value asset, an Ion Geophysical Corporation floating rate perpetual convertible non-callable preferred stock, days prior to its bankruptcy filing. Credit Suisse sold the preferred stock to D.E. Shaw for a premium of less than $1 million above the value of the underlying common stock. D.E. Shaw realized a premium of $7 million. The Trustee elected not to pursue either.

<u>Material and Irreconcilable Contradictions Between the Trustee's Report and the Documentary Evidence</u>

From January 1, 2007 through June 30, 2012, FILB realized profits of $64,928,215 according to the FILB Realized Gains Schedule on which the Trustee relies for much of the data purportedly supporting his report's calculations and conclusions. Yet the Motion states: "Indeed, Fletcher Asset Management has never obtained more than conversion value when it liquidated shares of the same stock." The Trustee does not include any verification of this information.  Nor does the Trustee even attempt to address this substantial contradiction.  The objection of Stewart Turner provided extensive supported facts and arguments for why the settlement was below the lowest level of reasonableness.  That objection also highlighted the material and irreconcilable contradictions between the Trustee's arguments in support of the Settlement and the uncontroverted facts.  [Objection to Plan Administrator's Motion for Entry of an Order Pursuant to Bankruptcy Rule 9019(a) Approving the Settlement Agreement Between Fletcher International, Ltd. and Credit Suisse filed by Stewart Turner; docket no. 630]

<u>A Lack of the Arms-Length Negotiations Necessary for Approval of the Settlement</u>

Arms Length transactions are a requirement of settlements under Bankruptcy Rule 9019. Bankruptcy fiduciaries are granted wide discretion. The Trustee has represented that his settlement with Credit Suisse was done at arms length. A review of the record including the economics of the various transactions involving Credit Suisse, the parties involved, and the allegations of a lack of disinterestedness of the Trustee, his counsel Luskin Stern, and his financial

advisor Goldin Associates raises questions that prevent an objective party reaching the conclusion that the TMT Trailer[3] requirement of arms length negotiations has been met.

In communications before the Bankruptcy Court, Mr. Fletcher identified conflicts and lack of disinterest from the Trustee's Counsel and Financial Advisor. On March 12 and March 19, 2014, Fletcher filed letters alerting the Court of conflicts that the fiduciaries failed to disclose. On March 21, 2014, Fletcher filed the "Motion of Alphonse Fletcher, Jr. to Compel Compliance with Bankruptcy Code and Rules *In re Fletcher International, Ltd.* and Associated Cases" [Docket No. 481]. On April 1, 2014, Fletcher filed a "Table of Fiduciary Connections." These detailed information provided to the Court by these filings was supplemented by Mr. Fletcher's comments in two telephonic conferences on March 26 and April 2 also on the subject of the fiduciaries' lack of disinterest and undisclosed connections. The Court invited Mr. Fletcher to file an additional brief identifying the relevant statutes and specifying how each party failed to comply with them and the specific relief he was seeking as to each  (Transcript of April 2, 2014 Hearing) [Docket 503 p. 31:15–32:14; p. 38:24–39:20] although this information was plainly included in Fletcher's March 19th, March 21st, and April 1st filings.  The Court never ruled on Fletcher's March 21st motion.  The Bankruptcy Court failed to investigate and placed the obligation on Mr. Fletcher to prove conflicts and a lack of disinterest.  The Code requires that the Court act upon conflicts whenever they are brought to the Courts attention.

The standards for the employment of professional persons are strict, for Congress has determined that strict standards are necessary in light of the unique nature of the bankruptcy process; see Cropper Co., 35 B.R. 625, 629 (Bankr.M.D.Ga. 1983). "[P]rofessionals engaged in the

---

[3] Under <u>TMT Trailer Ferry,</u> a bankruptcy judge is supposed to make an "informed, independent decision", one presumes with information provided by the Trustee and his attorney. This Court was not provided the underlying documents of the investment by the Trustee or a complete description of the important terms.

conduct of a bankruptcy case should be free of the slightest personal interest which might be reflected in their decisions concerning matters of the debtor's estate or which might impair the high degree of impartiality and detached judgment expected of them during the course of administration"; see Philadelphia Athletic Club, Inc., 20 B.R. 328, 334 (E.D.Pa. 1982) (quoting 1 Collier Bankruptcy Manual § 101.13 (1981)).

Under the Bankruptcy Code, section 327(a), when read with section 1107(a), allows a chapter 11 debtor to retain "one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons." Interestingly, unlike "disinterested person," the term "adverse interest" is not defined under the Code. Whether an adverse interest exists in any particular manner is determined on a case by case basis; see Caldor, Inc., 193 B.R. 165, 171 (Bankr. S.D.N.Y. 1996).

The Second Circuit has recognized that the definition of "adverse interest" often used by many courts in this regard is:

> (1) to possess or assert any economic interest that would tend to lessen the value of the bankruptcy estate or that would create either an actual or potential dispute in which the estate is a rival claimant, or (2) to possess a predisposition under circumstances that render such a bias against the estate. In re Arochem Corp., 176 F.3d 610, 623 (2d Cir. 1999)(quoting In re Roberts, 46 B.R. 815 (Bankr. D. Utah 1985).

Rule 2014(a) requires full disclosure of all facts relating to the proposed employment of a professional. Courts have held that attorneys are required to disclose any and all connections and contacts with all parties and potential parties in a case, no matter how minor they might seem at the time. What facts and the extent to which they should be disclosed are not the attorney's decision to make, and attorneys may not unilaterally determine "the relevance of a connection" to a debtor; see The Leslie Fay Companies, Inc., 175 B.R. 525, 536 (Bankr. S.D.N.Y. 1994); also see Hot Tin Roof, Inc., 205 B.R. 1000, 1003 (1st Cir. BAP 1997). Nor can professionals determine that certain

connections to the debtor are not important enough to disclose; see Arlan's Dep't. Stores, 615 F.2d

932 (2d Cir. 1979); Envirodyne Indus., 150 B.R. 1008 (Bankr. N.D.Ill. 1993)(holding that no matter

how trivial a connection appears to the professional seeking employment, it must be disclosed).

    It is abundantly clear that Rule 2014(a) requires a significant level of disclosure of the

professional's "connections with the debtor, creditors, any other party in interest, their respective

attorneys and accountants, the United States trustee, or any person employed in the office of the

United States trustee." It is equally clear that the level of disclosure outlined in the Rule is

mandatory, whether or not that disclosure would unearth a conflict of interest.[4]  It is equally as clear

that the standard under TMT Trailer Ferry require an "arms-length" negotiation between the estate

fiduciaries and the party to the settlement proposed under Rule 9019.

---

[4]    In Kendavis indus. int'l, inc., 91 b.r. 742 (bankr. n.d. tex) 1988 the court concluded that Locke Purnell nor the Davis family has ever stated that Locke Purnell represented anyone other than the Debtors. Further, each piece of evidence, taken alone, would probably be insufficient to find Locke Purnell guilty of conflict of interest. However, from the totality of the evidence, together with the objective manifestations of Locke Purnell's conduct throughout this proceeding can lead to only one factual conclusion — that Locke Purnell actually represented the interests of the Davis family throughout the pendency of the case and that representation was a conflict of interest.

## CONCLUSION

I respectfully request that the settlement be overturned and the issues raised are properly

addressed through an evidentiary hearing or otherwise.


Dated:  December 23, 2014


                                            Respectfully submitted by

                                            Alphonse Fletcher, Jr
                                            188 Minna Street
                                            San Francisco, CA 94105
                                            Phone: (415)702-0070
                                            AFletcher@Fletcher.com

**APPENDIX A**
12-12796-reg Doc 648 Filed 10/16/14 Entered 10/16/14 11:18:42 Main Document
Pg 18 of 2

Hearing Date and Time: October 15, 2014 at 9:45 a.m. (ET)
Objection Deadline: September 12, 2014 at 4:00 p.m. (ET)

UNITED STATES BANKRUPTCY COURT SOUTHERN
DISTRICT OF NEW YORK

----------------------------------------------------------------- x

In re:                                          :          Chapter 11

                                                :

FLETCHER INTERNATIONAL, LTD.,                   :          Case No. 12-12796 (REG)

                                Debtor.         :

----------------------------------------------------------------- x

### ORDER PURSUANT TO BANKRUPTCY RULE 9019(A)
### APPROVING THE SETTLEMENT AGREEMENT BETWEEN
### FLETCHER INTERNATIONAL, LTD. AND CREDIT SUISSE

Upon the motion (the **"Motion"**) of Richard J. Davis, the Plan Administrator and former

Chapter 11 Trustee of Fletcher International, Ltd. (the **"Trustee"**), for entry of an order pursuant to

Bankruptcy Rule 9019(a) approving the Settlement Agreement (the **"Settlement Agreement"**) between

Fletcher International, Ltd. ( **"FILB"**) and Credit Suisse Securities (USA) LLC (**"Securities USA"**) and its current

and future subsidiaries, parents and affiliates including, without limitation, Credit Suisse Securities (Europe)

Limited (**"Securities Europe"** and, together with the foregoing entities, **"Credit Suisse"**); and it appearing

that the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and it

appearing that venue of this chapter 11 case and the Motion in this district is proper pursuant to 28 U.S.C.

§§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. §

157(b); and the Court having considered the Motion, and considered and rejected the written

objections of Stewart Turner and Alphonse Fletcher, Jr.; and the Court having held a hearing on

October 15, 2014 (the **"Hearing"**); and the Court having determined that the relief requested in the

Motion is in the best interests of the Debtor and its estate, creditors, investors and other parties-in-

interest; and it appearing that proper and adequate notice of the Motion has been given and that no

other or further notice is necessary; and after due deliberation thereon; and good and

12-12796-reg Doc 648 Filed 10/16/14 Entered 10/16/14 11:18:42 Main Document
Pg - 1 - of 2

sufficient cause appearing therefor; and upon the record of these proceedings and the entire record of the case; and for all of the reasons stated on the record at the Hearing;

**IT IS HEREBY ORDERED THAT:**

1.     Subject to the terms and conditions of this Order, the Motion is granted.

2.     There being no disputed issues of material fact, Stewart Turner's request for an evidentiary hearing is denied.

3.     Pursuant to Bankruptcy Rule 9019(a), the Settlement Agreement, annexed to the Motion as **Exhibit B,** is hereby approved in its entirety.

4.     The Plan Administrator's entry into and performance of all of his obligations under the Settlement Agreement is approved.

5.     The Plan Administrator is authorized to execute any and all agreements, instruments, and documents, and shall take such further actions in good faith as may be necessary to fully effectuate the terms of the Settlement Agreement.

6.     The Court having considered and rejected the wisdom of imposing a stay of this Order, the terms and conditions of this Order shall be immediately effective and enforceable from the date of this Order. Any motion seeking to stay the effect of this Order shall be made to the District Court for the Southern District of New York.

7.     To the extent that the Motion is inconsistent with this Order, the terms of this Order shall govern.

8.     The Court shall retain jurisdiction with respect to all matters arising from or related to the Settlement Agreement and this Order.

Dated: New York, New York

October 16, 2014                                   *s/ Robert E. Gerber*

                                                  HONORABLE ROBERT E. GERBER UNITED
                                                  STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

I certify that on December 23, 2014, I served the foregoing motion via UPS Express, the CM/ECF
Electronic Filing system, or electronic mail on the following:

| |
|---|
| Office of The United States Trustee<br>U.S. Federal Office Building<br>201 Varick Street, Suite 1006<br>New York, NY  10014<br>Richard C. Morrissey, Esq.<br>Richard.Morrissey@usdoj.gov |
| Richard J. Davis, Esq.<br>415 Madison Ave.<br>11th Floor<br>New York, NY 10017<br>richard.davis@rjdavislaw.com<br><br>Chapter 11 Trustee |
| LUSKIN, STERN & EISLER LLP<br>Eleven Times Square<br>8th Ave. & 41st St.<br>New York, NY 10036<br>Michael Luskin, Esq.<br>luskin@lsellp.com<br>Stephan Hornung<br>hornung@lsellp.com<br><br>Counsel to the Chapter 11 Trustee |

Alphonse Fletcher, Jr
188 Minna Street
San Francisco, CA 94105
Phone: (415)702-0070
AFletcher@Fletcher.com